**Debra J. TODD, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 94–3445.

United States Court of Appeals, Federal Circuit.

May 31, 1995.

Rehearing Denied June 26, 1995.

---

Dorothy L. Lee, Gen. Counsel, Stateside Dependents Schools Overseas Educ. Ass'n, Laguna Niguel, CA, argued for petitioner.

Patricia A. Price, Atty., M.S.P.B., Washington, DC, argued for respondent. With her on the brief were Mary L. Jennings, Deputy Gen. Counsel and David C. Kane, Asst. Gen. Counsel. Of counsel were Bryant G. Snee and David M. Cohen.

Before RICH, MAYER, and CLEVENGER, Circuit Judges.

MAYER, Circuit Judge.

Debra J. Todd petitions for review of a final decision of the Merit Systems Protection Board which dismissed her appeal for lack of jurisdiction. *Todd v. Department of Defense*, 63 M.S.P.R. 4 (1994). We affirm.

## Background

Todd received a personal services contract, effective January 4, 1991, to work as a temporary paraprofessional interpreter for the dependents' school at Fort Rucker, Alabama. She was hired pursuant to 20 U.S.C. § 241(a) (1988 & Supp. V 1993) (repealed 1994) which gave an agency the option to employ personnel for certain dependents' school positions without the protections provided by 5 U.S.C. §§ 7511, 7512, 7701 (1988 & Supp. V 1993), and various other civil service statutes.[1]

---

1. "For the purpose of providing such comparable education, personnel may be employed and the compensation, tenure, leave, hours of work, and other incidents of the employment relationship may be fixed without regard to the Civil Service Act and rules and the following: (1) chapter 51 and subchapter III of chapter 53 of title 5; (2) subchapter I of chapter 63 of Title 5; (3) sections 5504, 5541 to 5549, and 6101 of title 5; (4) 1302(b), (c), 2108, 3305(b), 3306(a)(2), 3308 to 3318, 3319(b), 3320, 3351, 3363, 3364, 3501 to 3504, 7511, 7512, and 7701 of title 5; and (5) chapter 43 of title 5." 20 U.S.C. § 241(a).

When Todd was hired, all Section 6[2] school personnel, including teachers and paraprofessionals such as Todd, were contract employees. In May 1991, however, the Army Deputy Chief of Staff for Personnel circulated a memorandum implementing a new policy of the Secretary of Defense which required the Army to transfer all Section 6 school functions to the Department of Defense. The memorandum instructed the school at Fort Rucker, and several others, to appoint all Section 6 employees to the federal excepted service and specifically stated that these employees would "be exempted from laws and rules as allowed in 20 U.S.C. § 241(a)."

Before August 1993, support staff at the Fort Rucker school, including paraprofessionals, received pay for holidays that fell within the ten month school year. Teachers, however, did not. In May, 1993, the school superintendent decided to discontinue this disparate salary policy for subsequent school years and directed that all seasonal staff, both teachers and paraprofessionals, have their salaries adjusted to reflect the actual number of days worked but without pay for holidays.

Todd attempted to appeal the new pay policy to the board under 5 U.S.C. § 7512(4) as an adverse action: reduction in pay. She claimed the right to appeal because she fell within the definition of "employee" under then newly amended 5 U.S.C. § 7511(a)(1)(C).[3] The agency moved to dismiss the appeal because she was hired pursuant to 20 U.S.C. § 241(a) which specifically denied her appeal rights even if she otherwise fell within the new definition of employee. The agency alternatively claimed that

the new pay policy did not give rise to an appealable adverse action.

The administrative judge dismissed the appeal for lack of jurisdiction. She recognized that Congress amended 5 U.S.C. § 7511 in 1991 and broadened the appeal rights of excepted service employees, but held that it did not change the exclusionary language at 20 U.S.C. § 241(a) which specifically deals with Todd's employment status and did not intend to extend the appeal rights to employees in that status. She also held that Todd did not establish that the school's new pay policy was an appealable adverse action within the meaning of 5 U.S.C. § 7511(a)(4).

The board affirmed the jurisdictional dismissal. Echoing the initial decision, it held that excepted service employees appointed under 20 U.S.C. § 241(a) may be exempted from rights of appeal to the board and that the definition of employee in 5 U.S.C. § 7511(a)(1)(C) is not applicable to Todd because of the specific exception found in section 241(a). The board did not address whether the agency's elimination of pay for holiday periods was an appealable adverse action.[4] Todd now seeks review of the final decision.

*Discussion*

The board's jurisdiction is not plenary—it is limited to those areas specifically granted by some law, rule, or regulation. 5 U.S.C. § 7701(a) (1988); *Van Werry v. Merit Sys. Protection Bd.*, 995 F.2d 1048, 1050 (Fed.Cir.1993). Todd has the burden of establishing that she and the action she seeks to appeal is within the board's jurisdiction.

2. "Section 6" refers to section 6 of the Act of September 30, 1950, Pub.L. No. 81–874, 64 Stat. 1107, previously codified at 20 U.S.C. § 241(a), repealed by Pub.L. No. 103–382, Title III, § 331(b), 108 Stat. 3965 (1994), which allowed the Department of Defense to hire dependents' schools employees under employment conditions existing in the public schools, rather than the employment conditions applicable to federal employees generally. *See* S.Rep. No. 311, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S.C.C.A.N. 1910, 1913.

3. 5 U.S.C. § 7511(a) provides the definition of employees which have rights to appeal adverse agency actions to the board. After the 1990

amendment, the definition of "employee" includes "an individual in the excepted service (other than a preference eligible) ... (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less," 5 U.S.C. § 7511(a)(1)(C).

4. The final decision of the board superseded the initial decision of the administrative judge, and having confirmed the dismissal for want of jurisdiction on one ground it did not reach the second one. Our warrant is to review final decisions, 28 U.S.C. § 1295(a)(9) (1988 & Supp.V 1993), so we also do not reach the alternative ground.

*Minor v. Merit Sys. Protection Bd.,* 819 F.2d 280, 282 (Fed.Cir.1987).

In 1965, Congress amended 20 U.S.C. § 241(a) and added the present language which allows local installations to employ personnel whose "compensation, tenure, leave, hours of work, and other incidents of the employment relationship may be fixed without regard to the Civil Service Act and rules and the following: ... (4) sections ... 7511, 7512, and 7701 of Title 5."[5] Pub.L. No. 89–77, 79 Stat. 243.[6] Legislative history indicates that the amendment was intended to provide military dependents' schools with the flexibility to make the personnel practices and compensation for school employees comparable to the labor practices generally found in public schools rather than in the federal civil service. S.Rep. No. 311, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S.C.C.A.N. 1910, 1912–14.

■ Todd concedes she was hired pursuant to section 241(a), but she contends that subsequent acts of Congress have impliedly repealed the provisions in the statute which allow an agency to deny the appeal rights provided by 5 U.S.C. §§ 7511, 7512, and 7701. Specifically, she claims that the Civil Service Due Process Amendments of 1990, Pub.L. No. 101–376, 104 Stat. 461 (codified at 5 U.S.C. §§ 4303, 7511, & 7701 (1988 & Supp. V 1993)), broadened the definition of "employee" found in 5 U.S.C. § 7511(a)(1) so that it extended the board's jurisdiction to include employees, such as her, regardless of prior statutes that might have exempted her from such rights. Prior to the Civil Service Due Process Amendments, temporary employees in the excepted service did not have the right to appeal adverse actions to the board because they did not fall within a category of eligible federal employees. But the Civil Service Due Process Amendments broadened the board's appellate jurisdiction to include excepted service employees "who ha[d] com-

pleted 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C). Under this new, broader definition, Todd would now qualify to appeal a section 7512 adverse action but for the limitation on her appeal rights found in section 241(a). Because Congress added this broad category of temporary employees to those eligible to appeal adverse actions to the board, Todd believes that Congress must have intended to extend appeal rights to all temporary excepted service employees who qualify under section 7511(a)(1)(C), regardless of the statute under which they were appointed. Thus, she concludes that the agency's right to deprive her of appeal rights was impliedly repealed by the amendment to section 7511.

■ We are not convinced by the implied repeal argument. Repeal by implication is invoked only when an enactment is irreconcilable with an earlier statute, or the enactment so comprehensively covers the subject matter of the earlier statute that it must have been intended as a substitute. *Traynor v. Turnage,* 485 U.S. 535, 547, 108 S.Ct. 1372, 1381, 99 L.Ed.2d 618 (1988). In either case, Congress' intention to repeal the earlier law must be "clear and manifest." *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154, 96 S.Ct. 1989, 1993, 48 L.Ed.2d 540 (1976); *Neptune Mut. Ass'n v. United States,* 862 F.2d 1546, 1551 (Fed.Cir.1988).

■ Here, it is apparent that there is no irreconcilability or repugnancy between the general rule at section 7511(a)(1)(C) that excepted service employees with two years of continuous service have appeal rights and the specific exception to this rule at section 241(a) which permits an agency to deny the appeal rights to a narrow category of personnel. This is a case of conflict between a specific statute which addresses a narrow

---

**5.** Section 7511 of Title 5 defines the categories of federal employees that are eligible to appeal adverse actions to the board; section 7512 defines appealable adverse actions; and section 7701 outlines the board's appellate procedures.

**6.** Although Pub.L. No. 89–77, 79 Stat. 243, was the substantive amendment that added subsec-

tion (a) to 20 U.S.C. § 241, the above quoted language also reflects changes authorized by the codification of Title 5 in 1966, Pub.L. No. 89–554, § 7(b), 80 Stat. 631 (1966), which merely provided specific statutory references to the various acts specifically named in Pub.L. No. 89–77.

category of activity and a generally applicable statute that covers a broad range of activity. Although Todd falls within the literal scope of both statutes, they are in conflict and only one can properly be applied to her. This conflict is properly resolved by applying the longstanding principle of statutory construction that "a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." *Radzanower,* 426 U.S. at 153, 96 S.Ct. at 1992; *Navy v. Sherwood Van Lines, Inc.,* 50 F.3d 1014 (Fed.Cir.1995); *see also* 1A Norman J. Singer, *Sutherland's Statutory Construction* § 23.10 (5th ed.1995). Todd's argument that the general provisions of section 7511(a)(1)(C) trump the specific exceptions of section 241(a), under which she was hired, is unavailing.

Similarly, section 7511(a)(1)(C) has not so comprehensively covered the subject matter of section 241(a) that it must be seen as a substitute. The Civil Service Due Process Amendments did not address, much less cover, the specific circumstance and considerations that were the impetus for enacting section 241(a).

### Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

*AFFIRMED.*