# United States Court of Appeals for the Federal Circuit

_____

**RENU B. LAL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Intervenor*

_____

2015-3140

_____

Petition for review of the Merit Systems Protection Board in No. DC-0752-14-0852-I-1.

_____

Decided: May 11, 2016

_____

GEORGE CHUZI, Kalijarvi, Chuzi, Newman & Fitch, P.C., Washington, DC, argued for petitioner. Also represented by RICHARD RANDOLPH RENNER.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, and ERIN K. MURDOCK-PARK.

_____

Before MOORE, O'MALLEY, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Renu Lal was terminated from her position as a distinguished consultant at the Centers for Disease Control, a component of the Department of Health and Human Services. Ms. Lal appealed her removal to the Merit Systems Protection Board, which concluded that it lacked jurisdiction over Ms. Lal's removal because she had been appointed pursuant to 42 U.S.C. § 209(f), "without regard to the civil-service laws." While we agree with the Board that § 209(f) places Ms. Lal into the excepted service, it does not exempt her from the Civil Service Due Process Amendments of 1990, which provide appeal rights to certain excepted service employees. Accordingly, we reverse the Board's decision and remand for further proceedings.

I

Ms. Lal was appointed as a distinguished consultant in the excepted service pursuant to § 209(f), which provides that consultants "may be appointed without regard to the civil-service laws." The agency understood this to mean that Ms. Lal was not subject to the statutory due process requirements of the civil-service laws under title 5 of the United States Code, and terminated her employment without providing notice of the termination or a right to respond, as would ordinarily be required by the civil-service laws. Ms. Lal appealed to the Board, which concluded that § 209(f)'s "appointed without regard to the

civil-service laws" language deprived the Board of jurisdiction. Ms. Lal appeals.

## II

Our review of the Board's decisions is limited by statute. Under 5 U.S.C. § 7703(c), we set aside any action, finding, or conclusion that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. The Board's determination that it lacked jurisdiction is a question of law that we review de novo. *Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). "The [Board's] jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation." *Id.* And, "[a]s the petitioner, [Ms. Lal] bears the burden of proving the [Board's] jurisdiction over her appeal by a preponderance of the evidence." *Id.*

Title 5 limits the Board's jurisdiction over federal workers' appeals based on both the nature of the personnel action being contested and the employment status of the individual complainant. 5 U.S.C. §§ 7701(a), 7512, 7513(d). "Taken together, these statutory provisions make clear that tenured employees—those individuals who meet the definition of an 'employee' set forth in § 7511—can seek Board review of adverse actions as defined in § 7512, including removals." *Archuleta v. Hopper*, 786 F.3d 1340, 1348 (Fed. Cir. 2015). Here, there is no dispute that Ms. Lal fits within the statutory definition of "employee," and is entitled to appeal rights unless otherwise excepted by statute. For the reasons set forth below, we agree with Ms. Lal that § 209(f) does not provide such an exception.

We begin, as we must, with the plain language of § 209(f), which provides:

> In accordance with regulations, special consultants may be employed to assist and advise in the operations of the [Public Health] Service. Such consultants may be appointed without regard to the civil-service laws.

The plain language of the statute only speaks in terms of appointment authority, and does not discuss the removal of the employee. Because the statute does not include an explicit reference to removal ability, we must determine if the Civil Service Due Process Amendments of 1990 extended appeal rights to employees appointed under § 209(f). If so, the Board has jurisdiction over Ms. Lal's appeal.

"It is a 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (quoting *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989)). "A court must therefore interpret the statute 'as a symmetrical and coherent regulatory scheme,' and 'fit, if possible, all parts into an harmonious whole.'" *Id.* (internal citations omitted).

Section 209(f) was enacted as part of the Public Health Service Act of 1944, which codified existing rules and regulations surrounding the operation of the Public Health Service, including the Public Health Commissioned Corps. *See, e.g.*, H.R. Rep. No. 78–1364, at 1–4 (1944). As explained by the Surgeon General at the time, the Act provided for "a closely knit, highly trained commissioned corps of officers, who are specialists in public health, medicine, scientific research, and related specialists, as the best type of administrative structure to deal with national and international health problems." Alanson Wilcox, *Public Health Service Act, 1944*, 7 Soc. Sec. Bull., Aug. 1944, at 15 (quoting Surgeon General Thomas

Parran). To that end, what is now the Secretary of Health and Human Services was given authority to appoint "any officer or employee of the Service . . . in accordance with the civil-service laws." 42 U.S.C. § 209(i). But, "[w]hen the Public Health Service requires the services of consultants who cannot be obtained when needed through regular Civil Service appointment . . . , special consultants to assist and advise the operations of the Service may be appointed," 42 C.F.R. § 22.3(a), pursuant to § 209(f), "without regard to the civil-service laws." To put it more simply, § 209(f) permits the Secretary to hire consultants into the excepted service.

As the civil-service laws matured, section 209(f) remained substantively unchanged. The Civil Service Reform Act of 1978 (CSRA) "comprehensively overhauled the civil service system," creating "a new framework for evaluating adverse personnel actions against 'employees'" within the newly formed Merit Systems Protection Board. *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 774 (1985). The CSRA "prescribes in great detail the protections and remedies applicable to" actions taken against certain federal employees, "including the availability of administrative and judicial review." *United States v. Fausto*, 484 U.S. 439, 443 (1988). As is relevant here, the CSRA extended certain benefits, including the right to administrative review by the Board and appeal rights to this court, to individuals in the competitive service and "certain veterans and their close relatives—so-called 'preference eligibles,'" in the excepted service. *Id.* at 441 n.1. But the CSRA did not extend these benefits to non-preference eligible members of the excepted service.

Recognizing a gap in administrative and judicial appeal rights for non-preference eligible members of the excepted service, Congress enacted the Civil Service Due Process Amendments of 1990 (the Due Process Amendments), Pub.L. No. 101-376, 104 Stat. 461 (Aug. 17, 1990) (codified in relevant part at 5 U.S.C. § 7511)). *See Ben-*

*nett*, 635 F.3d at 1220 (recognizing that Congress enacted the Due Process Amendments in response to the Supreme Court's decision in *Fausto*, where the Court held that the CSRA precluded judicial review for non-preference eligible members of the excepted service); *see also* H.R. Rep No. 101-328, at 1 (1989), *reprinted in* 1990 U.S.C.C.A.C. 695 ("The key difference between the protections available to competitive service employees and preference eligibles in the excepted service, on the one hand, and excepted service employees who are not preference eligibles, on the other, is the right to appeal an adverse action to the Merit Systems Protection Board for independent review."). The Due Process Amendments broadened the CSRA's definition of covered employees to include non-preference eligible individuals in the excepted service "who [are] not serving a probationary or trial period under an initial appointment pending conversion to the competitive service," or "who [have] completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less . . . ." 5 U.S.C. § 7511(a)(1)(C).

The Due Process Amendments also include a list of categories of individuals who are excluded from title 5 protection, although they would ordinarily fall within the broad definition of "employee" set forth in § 7511(a)(1). *See* 5 U.S.C. § 7511(b)(1)–(10). In addition to excluding political appointees and confidential or policy making positions, the Due Process Amendments also list seven additional categories of individuals that are excluded from § 7511's reach. Many of these categories were either expressly excluded by existing statute or regulation, or already subject to an appeal regime within a particular agency. For example, § 7511(b) excludes employees of the Central Intelligence Agency, the General Accounting Office, and the Veterans Health Services—all of whom were already excluded from the Board's appeals process.

*See* H.R. Rep. No. 101-328, at 5, 6–7 (1989) ("The National Security Act of 1946 provides the Director of the Central Intelligence Agency (CIA) with plenary authority to deal with personnel of the CIA. The General Accounting Office Personnel Act of 1980 provides comparable procedural rights for GAO employees through the GAO personnel Appeals Board. The employees at the Veterans Health Services and Research Administration are subject to a special peer review system.").

With that context in mind, we find that § 209(f) merely ensures that the Secretary has the authority to hire individuals into the excepted service. And, after the Due Process Amendments, non-preference eligible members of the excepted service who, like Ms. Lal, have "completed 2 years of continuous service in the same or similar positions," 5 U.S.C. § 7511(a)(1)(C), and who do not fall within one of the enumerated excluded categories of individuals in § 7511(b), are "employees" ordinarily entitled to appeal rights at the Board. This conclusion is consistent with our precedent in *Todd v. Merit Systems Protection Board*, 55 F.3d 1574 (Fed. Cir. 1995), and its progeny. That precedent stands for the proposition that, absent a specific exclusion of appeal rights or exemption from § 7511's definition of employee, a statute exempting an appointment from the civil-service laws cannot escape the broad reach of Due Process Amendments and therefore does not strip the Board of jurisdiction to hear an appeal from an adverse action.

In *Todd*, we analyzed 20 U.S.C. § 241(a), which permitted certain "local installations to employ personnel whose 'compensation, tenure, leave, hours of work, and other incidents of the employment relationship may be fixed without regard to the Civil Service Act and rules and the following: . . . (4) sections . . . 7511, 7512, and 7701 of Title 5.'" 55 F.3d at 1578 (quoting § 241(a)). We found that this statutory language was sufficient to exempt the petitioner from appeal rights and we rejected

the argument that the Due Process Amendments impliedly repealed § 241(a). *See id.* It was of no consequence that the Due Process Amendments expanded the definition of "employee" under § 7511 because 20 U.S.C. § 241(a) explicitly exempted hired personnel from the definition of "employee" in § 7511. *See Todd,* 55 F.3d at 1577–78 (rejecting the argument that "the general provisions of section 7511(a)(1)(C) trump specific exceptions of section 241(a)"). Indeed, given that § 241(a) excluded preference-eligible members before the enactment of the Due Process Amendments, *see* Pub. Law. 89-77, 79 Stat. 243 (July 21, 1965) (explaining that the Veterans Preference Act of 1944 does not apply), and the Due Process Amendments were intended to give the same benefits to non-preference excepted service members as those held by preference eligible excepted service members, *see supra* at 5–6, it is not surprising that the Due Process Amendments could not be read to give additional appeal rights to the petitioner in *Todd.*

A key factor in *Todd* was § 241(a)'s explicit reference to the statutory provisions granting appeal rights. *See King v. Briggs,* 83 F.3d 1384, 1388 (Fed. Cir. 1996) ("[A]s *Todd* amply demonstrates, Congress knows how to exempt a civil service position from the protections found in chapters 75 and 77 of title 5 if it so desires."). Thus, we found in *Todd* that "there is no irreconcilability or repugnancy between the general rule at section 7511(a)(1)(C) that excepted service employees with two years of continuous service have appeal rights and the specific exception to this rule at section 241(a) which permits an agency to deny the appeal rights to a narrow category of personnel." *Todd,* 55 F.3d at 1578.

In *Briggs,* we reviewed 29 U.S.C. § 783(a)(1), which states that the National Council on Disability (Council) "may appoint, without regard to the provisions of Title 5 governing appointments in the competitive service, or the provisions of chapter 51 and subchapter III of chapter 53

of such title relating to classification and General Schedule pay rates, an Executive Director . . . ." Because "Congress gave the Council the option of disregarding only certain parts of title 5," which did not include removal protections or the definition of employee in § 7511, we held that § 783(a)(1) did not exempt the Executive Director from the broad reach of 5 U.S.C. § 7511(a)(1)(C). *Briggs*, 83 F.3d at 1388. Therefore, personnel hired pursuant to § 783(a)(1) are hired into the excepted service and fall within the gamut of the Due Process Amendments and § 7511(a)(1)(C).

More recently, in *Bennett*, we found that a statute that explicitly gives the authority to "appoint[ ] . . . and remove[ ] . . . without regard to the provisions of title 5 governing appointments in the competitive service" was sufficient to exempt the position from the reach of the Due Process Amendments. 635 F.3d at 1219–20.

Here, unlike the statutes at issue in *Bennett* and *Todd*, 42 U.S.C. § 209(f) merely states "appoint without regard to the civil-service laws" and does not include an explicit reference to removal or § 7511. As a result, we decline to find an additional implicit exemption to § 7511(a)'s definition of "employee" for special consultants like Ms. Lal.

Moreover, we find no conflict between § 209(f)'s authority to hire employees into the excepted service and the Due Process Amendments' extension of appeal rights to non-preference eligible members of the excepted service. *Cf. Todd,* 55 F.3d at 1577–78 (finding "no irreconcilability or repugnancy between the general rule at section 7511(a)(1)(C) that excepted service employees with two years of continuous service have appeal rights and the specific exception to this rule at section 241(a) which permits an agency to deny the appeal rights to a narrow category of personnel"). Rather, § 7511(a)(1)(C) operates in this situation as it was intended: it extends adminis-

trative and judicial appeal rights to non-preference eligible members of the excepted service. To the extent the OPM's implementing regulation at 5 C.F.R. § 752.401(d)(12) calls for a result contrary to the plain meaning of 5 U.S.C. § 7511 and 42 U.S.C. § 209(f), "it has no force or effect in this case," *Briggs*, 83 F.3d at 1388.

In sum, we find that Ms. Lal was hired into the excepted service pursuant to § 209(f) and, because § 209(f) does not explicitly exempt personnel from the definition of "employee" in § 7511 or include specific reference to removal authority, the Due Process Amendments extended jurisdiction over Ms. Lal's claims. Accordingly, we reverse the Board's dismissal for lack of jurisdiction and remand for further proceedings.

**REVERSED AND REMANDED**