## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2022 MSPB 14

Docket No. NY-0752-15-0064-I-1

**Jane Carol Malloy,**

**Appellant,**

**v.**

**Department of State,**

**Agency.**

May 31, 2022

Jane Carol Malloy, Trenton, New Jersey, pro se.

Marianne Perciaccante, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision that dismissed her adverse action appeal for lack of jurisdiction. For the reasons set forth below, we GRANT the petition for review under 5 C.F.R. § 1201.115(b), REVERSE the initial decision, and REMAND the appeal for further adjudication consistent with this Opinion and Order.

## BACKGROUND

¶2      On November 4, 1990, the agency appointed the appellant as a nonpreference eligible to the excepted-service Technical Information Specialist position, GG-12, at the United States Mission to the United Nations (USUN).

Initial Appeal File (IAF), Tab 9 at 13. The legal authority for the appointment recorded in her Standard Form 50 (SF-50) was United States Code chapter 22, section 287 (22 U.S.C. § 287). IAF, Tab 9 at 13. Section 287 of title 22 provides for the President to appoint individuals to various positions at the United Nations (U.N.). The appellant's SF-50 remarks section also states: "Appointment without regard to civil service and classification laws in accordance with Public Law 341 (Section 8) Amendment to the U.N. Participation Act of 1945." *Id.* Section 8 of the U.N. Participation Act is codified at 22 U.S.C. § 287e, which states:

> There is hereby authorized to be appropriated annually to the Department of State, out of any money in the Treasury not otherwise appropriated, such sums as may be necessary for the payment by the United States of . . . all necessary salaries and expenses of the representatives provided for in section 287 of this title, and of their appropriate staffs, including personal services in the District of Columbia and elsewhere, without regard to the civil-service laws and chapter 51 and subchapter III of chapter 53 of Title 5. . . .

22 U.S.C. § 287e.

¶3    In 2014, the agency suspended the appellant for 30 days on charges of unprofessional behavior and disruptive behavior. IAF, Tab 14 at 44-58. The appellant appealed the 30-day suspension as an adverse action under chapter 75, arguing that the suspension was in retaliation for filing equal employment opportunity complaints concerning alleged discrimination based on race, color, and disability. IAF, Tab 1 at 5. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 9. The administrative judge informed the appellant in a show cause order that the Board may not have jurisdiction over her adverse action appeal. IAF, Tab 24. The appellant responded to the order. IAF, Tab 25.

¶4    Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack or jurisdiction. IAF, Tab 29, Initial Decision (ID) at 1, 13. In doing so, she relied on a regulation issued by the Office of Personnel Management (OPM), 5 C.F.R. § 752.401(d)(12), which states that "[a]n employee

whose agency or position has been excluded from the appointing provisions of title 5, United States Code, by separate statutory authority" is excluded from coverage of 5 U.S.C. chapter 75 unless there is a provision specifically placing those employees under the protections of chapter 75. ID at 3; *see* 5 C.F.R. § 752.401(d)(12).[1] The administrative judge noted that OPM's most commonly used language to describe a statutory exclusion was "without regard to the provisions of title 5, United States Code, governing appointments in the competitive service" or "without regard to the civil-service laws." ID at 3; 58 Fed. Reg. 13,191, 13,192 (Mar. 10, 1993). Given this language, the administrative judge found that 22 U.S.C. § 287e constituted a separate statutory authority which exempts USUN employees from the appointment provisions of title 5. ID at 9. She also found that the appellant pointed to no statutory provisions or any evidence that would specifically place her under the protections of chapter 75 despite an initial exclusion. *Id.*

¶5        In arriving at this conclusion, the administrative judge also relied on *Suzal v. Director, U.S. Information Agency*, 32 F.3d 574, 578-79 (D.C. Cir. 1994). In *Suzal*, the U.S. Court of Appeals for the District of Columbia Circuit (D.C. Circuit) was faced with a similar question of whether an appointment authority, 22 U.S.C. § 1474(1), excluded an employee appointed under that authority from the civil service laws altogether. *Suzal*, 32 F.3d at 578-79. The court in *Suzal* stated that "it would distort the statutory language to hold that people employed 'without regard to the civil service . . . laws' are actually covered by all the civil service laws applicable to members of the excepted service." *Id.* at 578.

---

[1] OPM also has indicated in its comments to 5 C.F.R. § 752.401(d)(12) that, although most statutory authorities only reference "appointments," "all that is required for a statutory exclusion from chapter 75 is a legislative exclusion from the appointing requirements of title 5, United States Code, in the absence of any provision to place the employee within the coverage of chapter 75 of title 5." 58 Fed. Reg. 13,191, 13,192 (Mar. 10, 1993).

The appellant has filed a petition for review arguing that the Board should reevaluate the dismissal for lack of jurisdiction and renewing her discrimination and retaliation claims. Petition for Review (PFR) File, Tab 1 at 4. The agency has filed a response to the appellant's petition. PFR File, Tab 4.[2]

## ANALYSIS

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden to prove by preponderant evidence that her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

It appears undisputed that the appellant fits within the statutory definition of an employee under 5 U.S.C. § 7511(a)(1)(C), and thus is entitled to appeal rights under chapter 75 unless otherwise excepted by statute.[3] The crux of this case is whether the appellant's appointing authority, 22 U.S.C. § 287e, excludes

---

[2] After submitting its opposition to the appellant's petition for review, PFR File, Tab 4, the agency filed a motion for leave to file an additional pleading to alert the Board to a decision by the U.S. Court of Appeals for the Federal Circuit. PFR File, Tab 6. The agency, "in an abundance of caution," sought to draw the Board's attention to *Lal v. Merit Systems Protection Board*, 821 F.3d 1376 (Fed. Cir. 2016), noting that the case addressed a similar issue to the one currently before the Board and was issued after the parties briefed the jurisdictional issue below. *Id.* at 5. The agency's motion did not ask the Board to do anything more than to consider *Lal*, which the Board has done. Accordingly, we DENY the motion for leave to file an additional pleading as moot.

[3] The record shows that the appellant was not serving a probationary or trial period under an initial appointment pending conversion to the competitive service, IAF, Tab 1 at 1, Tab 25 at 11, and that she had completed at least 2 years of current continuous service in the same or similar position with the agency as a permanent employee, IAF, Tab 9 at 13, Tab 14 at 41, Tab 25 at 11, thereby establishing that she fits the statutory definition of "employee" under 5 U.S.C. § 7511(a)(1)(C).

her from the protections of chapter 75. For the reasons set forth below, we find that the appellant is not exempt from chapter 75 protections and that the Board has jurisdiction over her adverse action appeal.

Section 287e of title 22 of the U.S. Code does not preclude the appellant's adverse action appeal.

¶9    In 1990, Congress enacted the Civil Service Due Process Amendments of 1990 (the Due Process Amendments), Pub. L. No. 101-376, 104 Stat. 461 (1990) (codified in relevant part at 5 U.S.C. § 7511), which created administrative and judicial appeal rights for nonpreference eligibles in the excepted service, such as the appellant, that were not previously available to them under the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (1978), which gave limited administrative and judicial review rights to those in the competitive service and preference eligibles in the excepted service. *Lal v. Merit Systems Protection Board*, 821 F.3d 1376, 1379-80 (Fed. Cir. 2016). Despite providing administrative and judicial appeal rights to nonpreference eligibles in the excepted service generally, the Due Process Amendments nevertheless included a list of categories of individuals who are excluded from title 5 protection, even though they may otherwise fall within the broad definition of "employee" set forth in section 7511(a)(1). *Lal*, 821 F.3d at 1379. Those exclusions include political appointees and confidential or policy-making positions, as well as seven additional categories listed at 5 U.S.C. § 7511(b)(1)-(10).

¶10    The plain language of the appellant's SF-50 remarks section only speaks in terms of appointment authority and does not discuss any other possible agency action. IAF, Tab 9 at 13. Further, the applicable statute fails to reference an "appointment" and discusses only the "salaries and expenses" of those representatives provided for in section 287. 22 U.S.C. § 287e. Thus, because neither the SF-50 remarks section, nor 22 U.S.C. § 287e, include an explicit reference to the agency's ability to take an adverse action against the appellant,

the Board must determine if the Due Process Amendments extend appeal rights to employees appointed under section 287e. *Lal*, 821 F.3d at 1378.

¶11  In *Lal*, our reviewing court addressed the question of whether, in light of the Due Process Amendments, the appointing authority of 42 U.S.C. § 209(f) excluded the appellant in that case from chapter 75 protections. 821 F.3d at 1380. That statute states "[i]n accordance with regulations, special consultants may be employed to assist and advise in the operations of the [agency]. Such consultants may be appointed without regard to the civil-service laws." 42 U.S.C. § 209(f). After discussing the CSRA and the Due Process Amendments in detail, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) found that, "absent a specific exclusion of appeal rights or exemption from section 7511's definition of employee, a statute exempting an appointment from the civil-service laws cannot escape the broad reach of [the] Due Process Amendments and therefore does not strip the Board of jurisdiction to hear an appeal from an adverse action." 821 F.3d at 1380. The court explained that, "[t]o the extent the OPM's implementing regulation at 5 C.F.R. § 752.401(d)(12) calls for a result contrary to the plain meaning of 5 U.S.C. § 7511 and 42 U.S.C. § 209(f), 'it has no force or effect in this case.'" *Lal*, 821 F.3d at 1381 (quoting *King v. Briggs*, 83 F.3d 1384, 1388 (Fed. Cir. 1996)).

¶12  Like 42 U.S.C. § 209(f), 22 U.S.C. § 287e contains no language exempting appointees from section 7511's definition of "employee." 22 U.S.C. § 287e. Thus, we must look to whether chapter 75 appeal rights were specifically excluded. *Lal*, 821 F.3d at 1380-81. The statutory language only makes a general reference to "civil-service laws," but it goes on to explicitly exclude "chapter 51 and subchapter III of chapter 53 of Title 5." 22 U.S.C. § 287e. There is no reference in the statute that explicitly excludes the appellant from the protections of chapter 75 appeal rights. *Id.* As our reviewing court noted, "Congress knows how to exempt a civil service position from the protections found in chapters 75 and 77 of title 5 if it so desires." *Briggs*, 83 F.3d at 1388. Because Congress

could have excluded appointees from the protections of chapter 75 in enacting 22 U.S.C. § 287e, as it explicitly chose to do with chapter 51 and subchapter III of chapter 53, we find that 22 U.S.C. § 287e does not preclude the appellant from exercising her appeal rights pursuant to chapter 75. *See Briggs*, 83 F.3d at 1388 (finding that an appointment under 29 U.S.C. § 783(a)(1) made "without regard to the provisions of Title 5 governing appointments in the competitive service, or the provisions . . . of such title relating to classification and General Schedule pay rates" did not exempt the appointee from the broad reach of 5 U.S.C. § 7511(a)(1)(C) in light of the Due Process Amendments). Further, to the extent 5 C.F.R. § 752.401(d)(12) calls for a result contrary to the plain meaning of 5 U.S.C. § 7511 and 22 U.S.C. § 287e, "'it has no force or effect in this case.'" *Lal*, 821 F.3d at 1381 (quoting *Briggs*, 83 F.3d at 1388).

¶13        Despite what appears to be a contradictory ruling from the D.C. Circuit, *see Suzal*, 32 F.3d at 578-59, it is well settled that decisions of other circuit courts are persuasive, but not controlling authority, and that decisions of the Federal Circuit constitute precedent binding on the Board, *Fairall v. Veterans Administration*, 33 M.S.P.R. 33, 39, *aff'd*, 844 F.2d 775 (Fed. Cir. 1987). Therefore, we are bound by the Federal Circuit's ruling in *Lal* and find that 22 U.S.C. § 287e does not foreclose Board jurisdiction over the appellant's adverse action appeal.

## ORDER

¶14     Accordingly, we REVERSE the initial decision and REMAND this appeal to the New York Field Office for adjudication on the merits consistent with this Opinion and Order.

FOR THE BOARD:


/s/ _____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.