**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NINA M. COLEMAN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-3443-17-0273-I-1 |
| 　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: April 6, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nina M. Coleman</u>, Dallas, Texas, pro se.

<u>Morgan Kinney</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal of the agency action removing her from her Disaster

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

Assistance Employee position because the authority under which she was appointed specified that that she was appointed "without regard to the provisions of Title 5." For the reasons set forth below, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction, relying on a different legal basis than the administrative judge.

## BACKGROUND

¶2     Beginning June 8, 2008, the appellant was continuously employed with the agency as a Disaster Assistance Employee (DAE)[3] under a series of temporary appointments. Initial Appeal File (IAF), Tab 8 at 68‑91, 97. The legal authority identified on the appellant's Standard Form (SF) 50 for the appointment is Pub. L. No. 93-288, known as the Stafford Act.[4]    *Id.* at 97. By a letter dated February 13, 2017, the appellant was informed that she was terminated, effective immediately, based on one specification of failure to follow instructions and one specification of failure to follow a written agency policy. IAF, Tab 8 at 60-63. The termination letter informed the appellant that, because of the nature of her appointment under the Stafford Act, she was not entitled to Board appeal rights, but that she could appeal the final decision to the agency's Cadre Management and Training Branch Chief within 5 days. *Id.* at 62. The letter also informed the appellant that, if she believed that her termination was the result of prohibited discrimination, she could file a complaint with the agency's Equal Employment Opportunity office. *Id.*

---

[3] The agency noted and the appellant does not dispute that in November 2011, the agency changed the designation of the DAE position title to "Reservist." IAF, Tab 8 at 9, 82.

[4] The legal authority for the appellant's appointment was the Disaster Relief Act of 1974 (1974 Act), Pub. L. No. 93-288, 88 Stat 143, which was amended by the Disaster Relief and Emergency Assistance Amendments of 1988 (1988 Act), Pub. L. No. 100-707, 102 Stat. 4689. Section 102(a) of the 1988 Act renamed the 1974 Act "The Robert T. Stafford Disaster and Emergency Assistance Act" (Stafford Act) (codified as amended at 42 U.S.C. § 5121 *et seq.*).

¶3    On April 13, 2017, the appellant filed the instant appeal with the Board challenging her termination. IAF, Tab 1. The agency filed a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 8 at 7-19. The administrative judge informed the appellant in a show cause order that the Board may not have jurisdiction over her appeal. IAF, Tab 12. The appellant filed a response to the order. IAF, Tab 14. In an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 15, Initial Decision (ID). The administrative judge determined that because the appellant's appointment was a temporary appointment made pursuant to the Stafford Act, her position was excluded from coverage under chapter 75 of Title 5. ID at 5.

¶4    In reaching this decision, the administrative judge relied on an Office of Personnel Management (OPM) regulation, 5 C.F.R. § 752.401(d)(12), which states that "[a]n employee whose agency or position has been excluded from the appointing provisions of Title 5, United States Code, by separate statutory authority" is excluded from coverage of 5 U.S.C. chapter 75 unless there is a provision specifically placing that employee under the protections of chapter 75. *Id.* Citing similar language in the Stafford Act authorizing the agency to hire temporary personnel "without regard to the provisions of Title 5 of the United States Code," the administrative judge determined that the Board lacked jurisdiction to review the appellant's termination. ID at 5; *see* 42 U.S.C. § 5149(b)(1). The administrative judge also cited *Thiess v. Witt*, 100 F.3d 915, 916-17 (Fed. Cir. 1996), in which the U.S. Court of Appeals for the Federal Circuit determined that similar language elsewhere in the Stafford Act excluded those appellants from coverage under certain provisions of 5 U.S.C. chapter 63 pertaining to leave. ID at 5.

¶5    The appellant has filed a petition for review arguing that the Board has jurisdiction over her termination appeal and that the agency violated her Constitutional due process rights in removing her. Petition for Review (PFR) File, Tab 1 at 4-6. The agency has filed a response in opposition to the

appellant's petition, and she has filed a reply and supplemental reply. PFR File, Tabs 3-4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

We vacate the administrative judge's finding that the language of 42 U.S.C. § 5149 precludes Board jurisdiction over the appellant's appeal of her removal.

¶6    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden to prove by preponderant evidence that her appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

¶7    As noted above, the administrative judge based her decision that the Board lacked jurisdiction over the appellant's appeal on OPM regulation 5 C.F.R. § 752.401(d)(12), coupled with language in the Stafford Act stating that appointments were made under that hiring authority "without regard to the provisions of Title 5." ID at 5. However, in reaching this decision, the administrative judge did not consider the Federal Circuit's decision in *Lal v. Merit Systems Protection Board*, 821 F.3d 1376 (2016). The appellant in *Lal* appealed her removal as a Distinguished Consultant at the Department of Health and Human Services, which was a position created under a statutory special appointment authority, 42 U.S.C. § 209(f). *Id.* at 1377. The administrative judge dismissed the appeal for lack of Board jurisdiction, concluding that section 209(f) granted appointments "without regard to civil-service laws," and that, under 5 C.F.R. § 752.401(d)(12), this language deprived the Board of jurisdiction over the appellant's removal appeal. *Lal v. Department of Health and Human Services*, MSPB Docket No. DC-0752-14-0852-I-1, Final Order, ¶ 2 (Mar. 25, 2015). The Board agreed, affirming the initial decision. *Id.*, ¶¶ 4-14*; Lal*,

821 F.3d at 1377-78.  However, on appeal, the Federal Circuit reversed the Board, concluding that under the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, and the Civil Service Due Process Amendments of 1990, Pub. L. No. 101-376, 104 Stat. 461 (codified in relevant part at 5 U.S.C. § 7511), absent a specific exclusion of appeal rights or exemption from section 7511's definition of "employee," a statute broadly exempting an appointment from "the civil-service laws" did not strip the Board of jurisdiction to hear an appeal from an adverse action taken against that employee.  *Lal*, 821 F.3d at 1379-80.  Instead, the Federal Circuit concluded, the Board must look to the language of the appointment authority to determine whether it included a specific exclusion of chapter 75 appeal rights.  *Id.* at 1380-81.  The court also concluded that to the extent OPM's interpretation of 5 C.F.R. § 752.410(d)(12) called for a contrary result, it had "no force or effect."  *Id.* at 1381.  Concluding that nothing in the broad statutory language stating that appointments under section 209(f) were made "without regard to the civil-service laws" exempted the appellant's position from section 7511(a)'s definition of "employee," the Federal Circuit reversed and remanded the Board's decision.  *Id.*

¶8        Subsequently, in *Malloy v. Department of State*, 2022 MSPB 14, the Board applied the Federal Circuit's decision in *Lal* for the first time, reversing and remanding the initial decision dismissing the appellant's adverse action appeal for lack of Board jurisdiction.  In *Malloy*, the Board concluded that the implementing language for the appointment authority at issue in that case only explicitly excluded "chapter 51 and subchapter III of chapter 53 of Title 5," and made no reference to chapter 75 appeal rights.  *Id.*, ¶ 12.  Relying on *Lal*, the Board concluded that because the appointing authority did not explicitly exclude appointees from the protections of chapter 75 (specifically, those relating to removal), as it did with chapter 51 and subchapter III of chapter 53, the appellant was not precluded from pursuing her appeal rights pursuant to chapter 75.  *Id.*

¶9          In the instant case, the administrative judge observed that the Stafford Act authorized agencies to hire temporary personnel "without regard to the provisions of Title 5," and to "employ experts and consultants in accordance with [5 U.S.C. § 3109], without regard to the provisions of chapter 51 and subchapter III of chapter 53 [of Title 5] . . . ." ID at 5; *see* 5 U.S.C. § 5149(b)(1). Relying on this language, as well as OPM's language in 5 C.F.R. § 752.401(d)(12), the administrative judge concluded that the Board lacked the authority to review the termination of <u>any</u> employee hired under the Stafford Act, including the appellant. ID at 5. Although not noted by the administrative judge, significantly, the language of the Stafford Act does not exclude such employees from the coverage of chapter 75.

¶10          In light of the Federal Circuit's decision in *Lal*, and the Board's decision in *Malloy*, the administrative judge's conclusion—that the "without regard to the provisions of Title 5" language in the Stafford Act appointing authority categorically precluded Board review of the termination of any employee hired under the Act—was in error. Instead, as the Board noted in *Malloy*, to decide whether an agency action falls within the coverage of chapter 75, the statutory language authorizing the employee's appointment must be examined to discern whether the action is specifically excluded from the coverage of chapter 75. *See Lal*, 821 F.3d at 1379-81; *Malloy*, 2022 MSPB 14, ¶¶ 9-13. We therefore vacate the administrative judge's finding in this regard.

<u>We dismiss the appellant's appeal for lack of jurisdiction because she does not meet the statutory definition of "employee" under 5 U.S.C. § 7511(a)(1).</u>

¶11          Although the holdings in *Lal* and *Malloy* instruct that the "without regard to the provisions of Title 5" language of the Stafford Act is insufficient to categorically exclude individuals appointed under that act from chapter 75 coverage, nothing in either decision altered the appellant's obligation to otherwise demonstrate that she meets the definition of an "employee" with chapter 75 appeal rights in order to prove that the Board has jurisdiction over her

appeal.  Specifically, the appellant still must show that she is an "employee" with Board appeal rights as defined by 5 U.S.C. § 7511(a)(1).  *See Lal*, 821 F.3d at 1379-81.

¶12        The appellant argued below that the she qualifies as an "employee" under section 7511(a)(1) because she was (1) an individual in the excepted service, who (2) was not serving a probationary or trial period under an initial appointment pending conversion to the competitive service.  IAF, Tab 4 at 3; *see* ID at 3. Under 5 U.S.C. § 7511(a)(1)(C), a nonpreference eligible in the excepted service only qualifies as an "employee" with Board appeal rights if she:

> (i) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
>
> (ii) has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a)(1)(C).    The Board has jurisdiction if either 5 U.S.C. § 7511(a)(1)(C)(i) or (ii) is satisfied.  *Van Wersch v. Department of Health and Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999).

¶13        As the administrative judge correctly noted, the appellant did not provide any evidence demonstrating that she was serving in a probationary or trial period or that her position was one that was pending conversion to the competitive service.  ID at 2.  Instead, the administrative judge noted that the appointments each had a "not to exceed date" and thus were temporary appointments in the excepted service.  ID at 2, 5.  Indeed, as the administrative judge noted, the condition-of-employment document signed by the appellant prior to the effective date of her first temporary appointment states that the appellant's appointment is a "temporary civil service excepted position," and that the appellant could be "terminated at any time, with cause . . . or without cause . . . ."  ID at 2; IAF, Tab 8 at 103.

¶14        Reviewing the SF-50s in the appellant's submitted personnel file, the administrative judge also observed that the SF-50 documenting the appellant's

first temporary appointment identified her appointment as a "not to exceed" (NTE) appointment.[5]  ID at 2.  Additionally, box 34 of each of the SF-50s documenting the subsequent temporary appointment renewals identified the appointment type as within the excepted service, the appellant's tenure as "none," and her work schedule as "intermittent."  IAF, Tab 8 at 72, 75, 78, 82-83, 86, 89, 97.  Each of the appellant's temporary appointments also specified an NTE date that was less than 2 years in the future, and none of the appointments exceeded a 2-year period, disqualifying the appellant from coverage under section 7511(a)(1)(C)(ii).  *Id.*; *see Roy v. Merit Systems Protection Board*, 672 F.3d 1378, 1381 (2012) (noting that the language of section 7511(a)(1)(c)(ii) "leaves no room to doubt that the two-year continuity requirement must be satisfied by service in the same or similar *permanent* positions") (emphasis in original); *see also* OPM Guide to Processing Personnel Actions,[6] Ch. 35 at 15, *available at* https://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation/processing-personnel-actions/gppa35.pdf (noting that a temporary appointment is one made for a limited period of time with a specific NTE date determined by the authority under which the appointment is made).

¶15      Further, nothing in the language of the Stafford Act specifies that appointments made under the Act are subject to a probationary or trial period or that they are positions "pending conversion to the competitive service."  *See*

---

[5] Although "the SF-50 is not a legally operative document controlling on its face an employee's status and rights," it still can be considered as evidence when determining the nature of an action.  *Grigsby v. Department of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984).

[6] While OPM guides and handbooks lack the force of law, the Board has held that they are entitled to deference in proportion to their power to persuade.  *See Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 7 n.2 (2011) (addressing an OPM retirement handbook), *aff'd*, 493 F. App'x 105 (Fed. Cir. 2013); *Luten v. Office of Personnel Management*, 110 M.S.P.R. 667, ¶ 9 n.3 (2009) (granting "some deference" to an OPM retirement handbook).  Here, OPM's Guide is persuasive as to its definition of a temporary appointment).

*generally* 42 U.S.C. § 5121 *et seq.* To the contrary, the statutory provisions of the Stafford Act grant agencies the authority to appoint "*temporary* personnel, experts, and consultants" and to incur obligations "arising out of the *temporary* employment of additional personnel . . . ." 42 U.S.C. § 5149(b) (emphasis added).

¶16    Accordingly, we dismiss the appeal for lack of Board jurisdiction because the appellant has failed to demonstrate that she meets the statutory definition of an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1).[7]

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] It appears that the appellant is requesting to join an Individual Right of Action (IRA) appeal to this matter. PFR File, Tab 6 at 3; *see Coleman v. Department of Homeland Security*, MSPB Docket No. DA-1221-17-0500-W-1. However, because the Board lacks jurisdiction over the appellant's removal appeal in the instant case, her request is denied. The appellant has filed a petition for review of the initial decision in her IRA appeal and the Board will issue a separate decision in that case.

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                   /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.