# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CHRIS BAUER,

      Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,

      Agency.

DOCKET NUMBER
DC-0752-17-0160-I-1

DATE:  December 21, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chris Bauer</u>, Fredericksburg, Virginia, pro se.

<u>Michael Steven Causey</u>, Esquire, Washington, D.C., for the agency.

<u>Susanna Gebhard</u>, Esquire, Camp Springs, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the basis for finding that the agency did not violate the appellant's rights under the Family and Medical Leave Act of 1993 (FMLA), and to find that the appellant was disabled but did not prove his claim of disability discrimination under the standards set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, and *Haas v. Department of Homeland Security*, 2022 MSPB 36, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as an Associate Legal Advisor. Initial Appeal File (IAF), Tab 14 at 5. On November 24, 2015, the agency placed him on a performance improvement plan (PIP) beginning on that date and concluding on January 22, 2016. IAF, Tab 23 at 67-72. It is undisputed that he did not return to work after receiving the PIP on November 24, 2015. IAF, Tab 37, Initial Decision (ID) at 14 n.5.

The agency proposed his removal on December 1, 2016, on the basis of 28 specifications of absence without leave (AWOL) and 26 specifications of failure to follow leave procedures during the period from February 8 to March 31, 2016. IAF, Tab 5 at 71-81. After considering the appellant's written replies, the

deciding official sustained the charges and underlying specifications and imposed the removal. *Id*. At 19-25, 32-39, 68-70.

The appellant filed the instant appeal challenging his removal. IAF, Tab 1. After conducting the appellant's requested hearing, the administrative judge affirmed the removal. ID at 1, 31. He merged the charges and sustained them.[2] ID at 2-17. He also found that the appellant failed to prove his affirmative defenses of equal employment opportunity (EEO) retaliation and disability discrimination, the removal action promoted the efficiency of the service, and the penalty was reasonable. ID at 2-31.

The appellant has filed a petition for review, the agency has responded in opposition to his petition, and the appellant has replied. Petition for Review (PFR) File, Tabs 3, 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to present new and material evidence.

On review, the appellant asserts that we should overturn the initial decision because he has presented new and material evidence that the deciding official perjured herself when she testified at the hearing on July 31, 2017, that she was not employed. PFR File, Tab 3 at 5-8. The appellant has submitted a Bloomberg report indicating that the deciding official has been a partner at a law firm beginning in July 2017, as well as a July 26, 2017 announcement from the law firm's website indicating that she would be joining the firm. *Id*. at 12-13.

The Board generally will not consider evidence submitted for the first time on review absent a showing of the following: (1) the documents and the

---

[2] The administrative judge did not sustain the specification related to the appellant's absence on April 1, 2015, because the agency listed the incorrect date. IAF, Tab 5 at 74, 78. The administrative judge reasoned that he could not assume that the appellant had notice of the correct date before responding to the deciding official. ID at 3 n.1, 14, 16. On review, the agency observes that the administrative judge did not sustain the specification, but neither party challenges this finding on review. PFR File, Tabs 3-4, Tab 6 at 5 n. 1, Tab 7. Accordingly, we decline to disturb this finding.

information contained in the documents were unavailable before the record closed despite due diligence; and (2) the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016); 5 C.F.R. § 1201.115(d). Evidence offered merely to impeach a witness's credibility generally is not considered new and material unless it presents a significant challenge to the witness's credibility. *Cole v. Department of the Army*, 78 M.S.P.R. 288, 293 (1998); *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989). The appellant offers the evidence and argument as to the deciding official's employment merely to impeach her testimony, and it relates to her veracity on a matter that is not central to the issues in this case. *See Hill v. Department of the Army*, 120 M.S.P.R. 340, ¶ 4 n.4 (2013) (declining to consider an email and attached images, submitted for the first time on review, to demonstrate that a witness who testified in favor of the appellant was not credible because he had a cavalier attitude toward Government regulations and standards). Therefore, we decline to consider it.[3]

<u>The administrative judge properly sustained the charges but applied the incorrect FMLA regulations.</u>

The appellant has not challenged the initial decision to the extent that it sustained the charges, and we find no reason to disturb these findings. ID at 2-17. However, we modify the administrative judge's findings that the agency proved its AWOL charge to apply the correct FMLA regulations.

To prove an AWOL charge, an agency must show that an employee was absent and either his absence was not authorized or his request for leave was properly denied. *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9

---

[3] Further, even if we did consider this evidence, we would not find that it diminishes the deciding official's credibility. Despite her testimony on July 31, 2017, that she was unemployed, the firm's announcement, from July 26, 2017, stated that she *would* be joining the firm in the future. PFR File, Tab 3 at 13. Additionally, the public report that the deciding official began working at the firm at some point in July 2017 is insufficient to contradict her statement that she was unemployed.

(2007). Thus, when FMLA is implicated relative to the AWOL charge, the agency must prove that it complied with FMLA as part of its overall burden of proving the AWOL charge. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73-74 (1997).

In determining the appellant's entitlement to FMLA in the context of his absences, the administrative judge cited 29 C.F.R. part 825. ID at 12-13. However, the appellant's entitlement to FMLA is determined pursuant to 5 C.F.R. part 630. *See* 5 C.F.R. § 630.1201(b) (identifying those employees who are subject to the regulations in 5 C.F.R. part 630); *Somuk v. Department of the Navy*, 117 M.S.P.R. 18, ¶ 10 (2011) (applying the regulations at 5 C.F.R. part 630 in analyzing whether an agency complied with its FMLA obligations). This error does not provide a reason for disturbing the initial decision because it does not affect the outcome, and an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

Regarding specifications 3-27 of the AWOL charge, although he was scheduled to work, the appellant never properly requested leave for these dates or reported to work. ID at 2-3, 13-16. Accordingly, the administrative judge properly sustained specifications 3-27. In specifications 1 and 2, the agency charged that the appellant had requested leave but already had exhausted his yearly entitlement of 12 weeks of FMLA-protected leave. IAF, Tab 5 at 71-74, Tab 23 at 83-84; ID at 13; *see* 5 C.F.R. § 630.1203(a); 29 C.F.R. § 825.200(a).

We need not reach the issue of whether the agency was correct in denying the appellant's request for leave without pay on the two dates at issue in specifications 1 and 2. An agency proves its charge even if it does not prove all of the underlying specifications. *See O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 11 (2016), *aff'd per curiam*, 698 F. App'x 1034 (Fed. Cir. 2017). Accordingly, because we find that the agency proved specifications 3-27, we need not address whether it properly denied the leave that the appellant

requested on the dates at issue in specifications 1-2.  Thus, we sustain the charge because the agency proved specifications 3-27.

The appellant failed to prove his claim of retaliation for prior EEO activity or for requesting a reasonable accommodation.

*Prior EEO Activity*

The appellant asserted that the agency engaged in a concerted effort to fire him, beginning with his placement on a PIP, in retaliation for his having filed an EEO complaint.  IAF, Tab 1 at 6.  The agency's counsel and the appellant indicated that the appellant filed a formal EEO complaint that involved, among other things, the agency's decision to allow a female employee to telework while renovations were being done at her house but to deny his request in March 2015 to telework while he was suffering mental health issues and his wife was due to give birth to their second child.  IAF, Tab 35, July 31, 2017 Hearing Compact Disc (HCD 1), Track 1 at 1:04:07-1:07:16 (testimony of the appellant).  The administrative judge considered the evidence as a whole and found that the appellant failed to prove his claim of EEO retaliation.[4]  ID at 17-20.  In reaching this conclusion, the administrative judge applied what was essentially a motivating factor causation standard.  ID at 17.

While a motivating factor causation standard is applicable to claims alleging retaliation for EEO activity pertaining to discrimination on the basis of a variety of improper considerations, including sex, race, and age, an appellant alleging reprisal for activity protected under the Rehabilitation Act of 1973 (Rehabilitation Act) must prove "but-for" causation.  *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶¶ 27, 31-33.  Although the administrative judge here did not consider or apply the more stringent "but-for" standard, because we agree with his conclusion that the appellant failed to meet the lesser burden of proving

---

[4] The appellant does not challenge the administrative judge's assessment of the evidence on review.  Other than as modified above to find that the appellant failed to prove retaliation under either a motivating or "but-for" causation standard, we discern no basis to disturb his findings.

that any of his protected activity was a motivating factor in his removal, the appellant necessarily failed to meet the more stringent "but-for" standard that applies to his Americans with Disabilities Act Amendments Act of 2008 (ADAAA) retaliation claim. ID at 20; *see Desjardin*, 2023 MSPB 6, ¶ 33.

The appellant does not challenge the administrative judge's assessment of the evidence on review. Other than as modified above to find that the appellant failed to prove retaliation under either a motivating factor or a "but-for" causation standard, we discern no basis to disturb his findings. The appellant asserted below that Employee A and Employee B were similarly situated but that neither of them was disciplined. ID at 18-20; IAF, Tab 34 at 4-5. To be similarly situated for purposes of discrimination under 5 U.S.C. § 2302(b)(1), a comparator must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012). The administrative judge observed that all three employees requested a reasonable accommodation but that there was no information as to whether Employee A or Employee B filed an EEO complaint. ID at 19-20. Further, we observe that, even if the appellant was the only one of the three employees to file an EEO complaint, these employees did not report to the same supervisor as the appellant, and, unlike the appellant, they returned to duty following an absence for medical reasons. IAF, Tab 34 at 4-5. Thus, these employees are not valid comparators. *See Ly*, 118 M.S.P.R. 481, ¶¶ 8, 10 (finding that the appellant was not similarly situated to an alleged comparator who, like the appellant, failed to provide accurate information on an Optional Form 306; different deciding officials determined the appropriate discipline and, unlike the appellant, the alleged comparator did not fail to disclose information with an intent to deceive).

The other evidence also does not support the appellant's claim of retaliation for EEO activity. The administrative judge considered that the

appellant's first-line supervisor and the deciding official were aware of his reasonable accommodation request but found that this would not support imputing a retaliatory motive to them on the basis of prior EEO activity. ID at 20. Further, he determined that there was no evidence that the agency's reason for removing the appellant, his AWOL and failure to follow proper leave requesting procedures, was pretextual. *Id*. After considering the evidence as a whole, we find that the appellant has failed to demonstrate that his EEO activity was a "but-for" cause or a motivating factor in his removal.

*Reasonable Accommodation Request*

To the extent that the appellant asserted below that the agency had retaliated against him for requesting a reasonable accommodation, we find that he has not established this claim because he has not demonstrated that filing his request was a "but-for" cause of his removal. In *Pridgen*, 2022 M.S.P.R. 31, ¶¶ 43-48, we found that an appellant must prove that his accommodation request was a "but-for" cause of the agency's action. Nonetheless, we affirmed the initial decision in that case, which found that the appellant failed to demonstrate retaliation for her reasonable accommodation request using a motivating factor causation standard. *Id.*, ¶ 48. Although we issued *Pridgen* after the initial decision in this appeal, we find that its application is not prejudicial because it does not affect the disposition of the appellant's claims of retaliation for filing a reasonable accommodation request and disability discrimination. *See Panter*, 22 M.S.P.R. at 282.

Here, the administrative judge found that, although the appellant's first-line supervisor and the deciding official were aware of the appellant's request for reasonable accommodation, there was no evidence to suggest they considered it when deciding that he had failed to request leave yet remained absent from duty. ID at 20. Although the administrative judge appears to have applied the lower motivating factor causation standard, we find no error in the conclusion that the appellant failed to prove causation. ID at 17, 20. Thus, we affirm the initial

decision as modified to find that the appellant did not meet his burden to establish that, but for his reasonable accommodation request, the agency would not have removed him. ID at 17, 20; *Pridgen*, 2022 M.S.P.R. 31, ¶ 48.

<u>We modify the initial decision as to the appellant's status-based and reasonable accommodation disability discrimination claims to find that he failed to prove he was a qualified individual with a disability.</u>

The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Haas*, 2022 MSPB 36, ¶ 28. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA), as amended by the ADAAA. *Id.* Therefore, we apply those standards to determine if there has been a Rehabilitation Act violation. *Id.* In particular, the ADA provides that it is illegal for an employer to deny a reasonable accommodation to, or "discriminate against[,] a qualified individual on the basis of disability." 42 U.S.C. § 12112(a), (b)(5); *Haas*, 2022 MSPB 36, ¶ 28. Thus, both a claim of disability based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual prove he is "qualified." *Haas*, 2022 MSPB 36, ¶¶ 28-29.

The administrative judge found that the appellant was not an individual with a disability because the evidence suggested that he could perform his work, but at a different location under a different supervisor. ID at 26-27. The administrative judge further reasoned that, to the extent that the appellant had an impairment, it was the stress of his particular work environment, rather than his inability to perform work as an attorney, that contributed to his purported condition. *Id.* The appellant does not dispute these findings on review. While we agree with the administrative judge that the appellant failed to establish his claims on the basis of disability, we modify the initial decision to find that the

appellant established that he was an individual with a disability but that he did not establish that he was "qualified."

A disability is defined, in pertinent part, as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A); *McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶ 7 (2014). The administrative judge found that the appellant was not an individual with a disability because he determined that the appellant established, at most, that he could not meet the demands of a particular job and not that he was foreclosed from any major life activity or type of employment. ID at 22-26. We modify this determination as we find that, because the appellant was diagnosed with major depressive disorder, he was an individual with a disability.

A major life activity includes the operation of a "major bodily function," including brain functioning. ADAAA, Pub. L. No. 110-325, § 4(a), 122 Stat. 3553, 3555 (2008) (codified at 42 U.S.C. § 12102(2)(B)). The Equal Employment Opportunity Commission (EEOC), which is authorized to implement the definition of disability under the statute, 42 U.S.C. §§ 12116, 12205a, stated that "it should easily be concluded" that, along with other disorders, major depressive disorder substantially limits this major life activity, 29 C.F.R. § 1630.2(j)(3)(iii). The appellant's psychologist indicated in August 2015 and March 2016 that the appellant suffered from major depressive disorder, and neither party has questioned this diagnosis. IAF, Tab 20 at 41, 83. Thus, we modify the initial decision to find that, by definition, the appellant was an individual with a disability. *See McNab,* 121 M.S.P.R. 661, ¶ 8 (finding that, regardless of the knowledge of agency officials as to the severity of the appellant's condition, he was, by definition, an individual with a disability by virtue of his major depressive disorder).

Although we find that the appellant was an individual with a disability, we affirm as modified the administrative judge's finding that the agency did not violate the Rehabilitation Act. As reflected above, the Board recently clarified

that only an otherwise qualified individual with a disability is entitled to relief, whether the individual alleges disability discrimination based on a disparate treatment or reasonable accommodation theory. *Haas*, 2022 MSPB 36, ¶¶ 28-29.

A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8). An employer is required to provide reasonable accommodation to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5). Much of the administrative judge's analysis on whether the appellant was disabled is instructive as to whether the appellant could perform the essential functions of his position, with or without reasonable accommodation.

The appellant requested to telework full time under "different management." IAF, Tab 23 at 29-31, 33. The administrative judge observed that the appellant's supervisor and the deciding official testified that the agency did not allow attorneys like the appellant to telework fulltime because they handled sensitive information, much of which was classified or law enforcement sensitive. ID at 8, 25. The appellant did not dispute this below, and again does not do so on review. Moreover, the administrative judge concluded, based on the testimony of agency officials, that the appellant's other requested accommodations, such as working with a different supervisor or on a different floor from his current supervisor to reduce his stress, were not reasonable alternatives that would allow his office to accomplish its mission. ID at 25-26. We agree with his reasoning. The appellant was essentially seeking reassignment to a new supervisor, which does not constitute a request for reasonable accommodation. *Id.*; EEOC, Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the ADA, Question 33 (Oct. 17, 2002) (stating that "[a]n employer does not have to provide an employee with a new supervisor as a reasonable accommodation"); *see also, e.g.*, *Roberts v. Permanente Medical Group, Inc.*, 690 F. App'x 535, 536 (9th Cir. 2017) (holding that a request for a new supervisor "is per se

unreasonable under [EEOC] guidelines"); *Kennedy v. Dresser Rand Co.*, 193 F.3d 120, 122-23 (2d Cir. 1999) (rejecting a rule that changing supervisors is "per se" an unreasonable accommodation, and adopting instead a rebuttable presumption that it is unreasonable); *Gaul v. Lucent Technologies Inc.*, 134 F.3d 576, 578-81 (3rd Cir. 1998) (holding that a request to be transferred away from a supervisor who was causing a plaintiff stress was "unreasonable as a matter of law"); *Weiler v. Household Finance Corp.*, 101 F.3d 519, 525-27 (7th Cir. 1996) (holding that a failure to grant the plaintiff's request for reassignment to a different supervisor did not constitute a failure to grant a reasonable accommodation).[5]

It is the appellant's burden of proof for his affirmative defenses, 5 C.F.R. § 1201.56(b)(2)(i)(C), and he has provided little more than a conclusory assertion that he could have performed his or other positions with the agency. Thus, we find that, even though he is an individual with a disability, he is not a qualified individual with a disability.

The administrative judge correctly sustained the penalty.

In sustaining the penalty of removal, the administrative judge deferred to the agency's penalty selection. ID at 31. He found that the deciding official appropriately considered the relevant mitigating factors, and that removal was within the tolerable limits of reasonableness. *Id.*; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to penalty determinations, and observing that the Board's review of an agency-imposed penalty is essentially to assure that the agency conscientiously considered the relevant factors and struck a responsible balance within tolerable limits of reasonableness). The appellant appears to argue on review that the deciding official's penalty analysis is not entitled to deference. PFR File, Tab 3 at 6. In particular, he suggests that the deciding official

---

[5] Decisions of courts other than the U.S. Court of Appeals for the Federal Circuit, although not binding, may be followed if the Board finds the reasoning persuasive. *Malloy v. Department of State*, 2022 MSPB 14, ¶ 13.

improperly considered as an aggravating factor that the appellant was on notice of how to request leave.  *Id.*; IAF, Tab 5 at 29.  We are not persuaded.

One of the factors that may be relevant to a penalty determination is the clarity with which the employee was on notice of any rules that were violated. *Douglas*, 5 M.S.P.R. at 305.  Here, as it concerned the charge of failure to follow leave procedures, the deciding official found that the appellant was aware of how to properly request leave for his absences.  IAF, Tab 5 at 29, Tab 36, August 2, 2017 Hearing Compact Disc (HCD 2), Track 1 at 1:17:01-1:17:54 (testimony of the deciding official); ID at 28-29; *see Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 12 (2005) (observing that the fact that a charge has been merged into another does not mean that the duplicative charge is not sustained, or that the appellant's misconduct somehow becomes less serious by virtue of the merger).  Thus, the deciding official concluded that the appellant was clearly on notice of the rules that he violated, which she considered to be an aggravating factor.  IAF, Tab 5 at 29.

In finding that the deciding official's consideration of this *Douglas* factor was appropriate, the administrative judge quoted the deciding official as referring to the leave requesting procedures as the "rules of engagement."  *Id.*; HCD 2, Track 1 at 1:47:17-1:49:00 (testimony of the deciding official).  On review, the appellant cites this testimony, and he asserts that the deciding official is referring to requesting leave as a "negotiation."  PFR File, Tab 3 at 6.  He characterizes this testimony as "confusing[]," but does not challenge the finding that he was on notice of how to properly request leave.  *Id.*  The record supports the deciding official's conclusion that the appellant's supervisor advised him that, absent a medical emergency, he was required to request leave in advance of its use, and that he failed to follow this instruction.  IAF, Tab 5 at 74-78, Tab 6 at 115. Therefore, we agree with the administrative judge that the deciding official's consideration of this factor was appropriate.  ID at 29, 31.

To the extent that the appellant asserts that he was subjected to a disparate penalty, we find insufficient evidence to support this argument. PFR File, Tab 3 at 9-11; IAF, Tab 28 at 4-5. As the Board held in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14, in assessing an agency's penalty determination, the relevant inquiry is whether the agency knowingly and unjustifiably treated employees differently. Further, for purposes of a disparate penalties analysis, similarly situated employees are those who engaged in the same or similar offenses. *Id.*, ¶ 17. While the appellant alleged that other employees were allowed to use volunteered leave, he has not disputed the administrative judge's finding that, during the time the appellant was deemed AWOL, he had no volunteered leave available. ID at 4-5; IAF, Tab 14 at 6. Nor has the appellant shown that the purported comparators had other circumstances that closely resemble his own. *See Singh*, 2022 MSPB 15, ¶ 13. Thus, his allegations are insufficient to support his disparate penalties argument.

In sum, we find that the appellant has not presented new and material evidence or argument in support of his appeal. Further, he has not proven his affirmative defenses of EEO retaliation and, even though we find that he is an individual with a disability, he has not proven disability discrimination on any basis, including disparate treatment, failure to provide a reasonable accommodation, or retaliation for engaging in protected activity. Additionally, we agree with the administrative judge's finding that the penalty of removal was appropriate. Accordingly, we affirm the initial decision and sustain the appellant's removal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Jennifer Everling*
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.