# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RENU B. LAL,

        Appellant,

        v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,

        Agency.

DOCKET NUMBER
DC-0752-14-0852-M-1

DATE: December 22, 2016

# THIS ORDER IS NONPRECEDENTIAL[*]

George M. Chuzi, Esquire, Washington, D.C., for the appellant.

Julie A. Sammons, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      This appeal is before the Board on remand from the U.S. Court of Appeals for the Federal Circuit after reversal of the Board's final order dismissing the appeal for lack of jurisdiction. For the reasons discussed below, we REVERSE

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the agency's action and REMAND the case to the Board's Washington Regional Office for adjudication of the appellant's affirmative defense.

¶2          The appellant was appointed as a Distinguished Consultant in the excepted service pursuant to 42 U.S.C. § 209(f).  *Lal v. Department of Health & Human Services*, MSPB Docket No. DC-0752-14-0852-I-1, Initial Appeal File (IAF), Tab 5 at 10-11.  The agency terminated her employment without providing her with notice or a right to respond.  *Id*. at 4, 8-9.  The appellant filed a Board appeal challenging the agency's action and asserting that she was discriminated against based upon her national origin.  IAF, Tab 1.  The administrative judge found that appointees under 42 U.S.C. § 209(f) were not "employees" with Board appeal rights and thus dismissed the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision.  After the appellant filed a petition for review, the Board issued a final order affirming the initial decision.  *Lal v. Department of Health & Human Services*, MSPB Docket No. DC-0752-14-0852-I-1, Final Order (Mar. 25, 2015).

¶3          The appellant appealed the Board's decision to the Federal Circuit. *Lal v. Department of Health & Human Services*, MSPB Docket No. DC-0752-14-0852-L-1, Litigation File, Tab 1.  The Federal Circuit found that the Due Process Amendments of 1990 extended jurisdiction to claims of employees, such as the appellant, who were appointed to the excepted service under 42 U.S.C. § 209(f).  *Lal v. Merit Systems Protection Board*, 821 F.3d 1376, 1379, 1381 (Fed. Cir. 2016) (citing Pub. L. No. 101-376, 104 Stat. 461 (Aug. 17, 1990) (codified in relevant part at 5 U.S.C. § 7511)).  Thus, the Federal Circuit reversed the Board's dismissal and remanded the case.  *Lal*, 821 F.3d at 1381.

¶4          Because of the Federal Circuit's finding, we reverse the agency's action as a violation of the appellant's constitutional right to minimum due process of law. An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives her of her property right in her employment constitutes an

abridgement of her constitutional right to minimum due process of law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). We find that the appellant was an "employee" who was entitled to appeal the agency's action because: (1) she was a nonpreference eligible appointed to the excepted service; (2) she was not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; and (3) she completed 2 years of current continuous service in her position under other than a temporary appointment limited to 2 years or less. IAF, Tab 5 at 7, 11; *see* 5 U.S.C. § 7511(a)(1)(C). We also find, and the agency does not dispute, that it imposed the removal action without providing the appellant with notice and an opportunity to respond. IAF, Tab 5 at 4, 8-9. Accordingly, the removal action must be reversed. *See Schibik v. Department of Veterans Affairs*, 98 M.S.P.R. 591, ¶ 10 (2005).

¶5    We nevertheless remand the appeal for further adjudication. The Board has held that, even when the Board already has determined that the action appealed must be reversed on other grounds, the appellant has the right to a decision on a claim of discrimination because the agency's complete rescission of the adverse action does not afford the appellant all the relief that she could have received if the matter had been adjudicated and she had prevailed. *Cowart v. U.S. Postal Service*, 117 M.S.P.R. 572, ¶ 10 (2012); *see White v. U.S. Postal Service*, 117 M.S.P.R. 244, ¶ 15 (2012); *see also* 5 U.S.C. § 7702(a). Here, the appellant asserted that she was discriminated against based upon her national origin. IAF, Tab 1. In light of the jurisdictional dismissal, this claim has not yet been adjudicated. Accordingly, we remand this appeal for adjudication of the appellant's discrimination claim. *See Cowart*, 117 M.S.P.R. 572, ¶ 10; *Schibik*, 98 M.S.P.R. 591, ¶ 11.

**ORDER**

¶6　　For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

¶7　　We ORDER the agency to cancel the appellant's removal and retroactively restore her effective May 28, 2014. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶8　　We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service Regulations, as appropriate, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶9　　We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶10　　No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶11　　For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and

Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
| --- | --- |

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

 a. Employee name and social security number.
 b. Detailed explanation of request.
 c. Valid agency accounting.
 d. Authorized signature (Table 63)
 e. If interest is to be included.
 f. Check mailing address.
 g. Indicate if case is prior to conversion.  Computations must be attached.
 h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

 a. Must provide same data as in 2, a-g above.
 b. Prior to conversion computation must be provided.
 c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.