NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAUNA GOLDDEEN OGBURN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2018-1716

---

Petition for review of the Merit Systems Protection Board in No. DC-0841-18-0135-I-1.

---

Decided: October 2, 2018

---

LAUNA GOLDDEEN OGBURN, Woodbridge, VA, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before LOURIE, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

Launa Golddeen Ogburn ("Ogburn") appeals from the decision of the U.S. Merit Systems Protection Board (the "Board"), dismissing her appeal for lack of jurisdiction. *Ogburn v. Office of Pers. Mgmt.*, No. DC-0841-18-0135-I-1, 2017 WL 6497543 (M.S.P.B. Dec. 13, 2017) ("*Decision*"); Resp't's App. ("R.A.") 1–10. Because we agree with the Board that it lacked jurisdiction over Ogburn's appeal, we *affirm*.

BACKGROUND

Ogburn was employed with the Office of the Director of National Intelligence ("ODNI") as the Executive Support Assistant until her retirement on or around October 7, 2012. In May 2012, the Office of Personnel Management ("OPM") issued a letter informing Ogburn of its approval of her disability retirement application under the Federal Employees Retirement System ("FERS"). In August 2016, after Ogburn's request for an explanation of her benefits, OPM issued a letter explaining the computation of her FERS annuity and a breakdown of her retirement benefit calculations. On June 20, 2017, OPM issued an initial decision concerning, *inter alia*, her FERS disability retirement formula and computation, cost of living allowance adjustments, and "profile" and case status. R.A. 28–32. Upon Ogburn's request for reconsideration, OPM issued its final decision on October 31, 2017, affirming its June 20, 2017 initial decision.

On November 21, 2017, Ogburn appealed OPM's final decision to the Board. On December 12, 2017, OPM filed a motion to dismiss, stating to the Board that "OPM has decided to rescind its reconsideration final decision of October 31, 2017" and that "OPM will take another look at the issues raised by the appellant and appellant will receive new due process accordingly." R.A. 43.

On December 13, 2017, the Board's administrative judge ("AJ") issued an initial decision granting OPM's motion and dismissing Ogburn's appeal for lack of juris-

diction because OPM had rescinded its final decision. In a footnote, the AJ noted that Ogburn appeared to be also appealing from an involuntary retirement action and negative suitability determination from her time as a CIA employee. However, the AJ stated that "it appears that the Board lacks jurisdiction to consider these claims because the appellant was an employee at the [CIA] during the relevant time periods." R.A. 2 n.1 (citing *Neely v. Central Intelligence Agency*, 2 M.S.P.R. 371 373 (1980)). The AJ's initial decision became the final decision of the Board on January 17, 2018, as Ogburn did not appeal to the full Board.

Ogburn appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We only set aside the Board's decision when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law that we review *de novo*, *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995), and we review the Board's underlying factual findings for substantial evidence, *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1317 (Fed. Cir. 1998). Although a *pro se* party as an appellant to the Board may be afforded leniency in formalities, Ogburn is not excused from meeting her burden of establishing jurisdiction. *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998); *see Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

On appeal, Ogburn points to 5 U.S.C. § 7701(b)(2) as her ground for relief and argues that the Board erred in dismissing her appeal because it failed to consider that "OPM rescinded its reconsideration final decision of

October 31, 2017" and that "Appellant will receive 'new due process.'" Pet'r's Informal Br. (quoting R.A. 43).

The government responds that it is undisputed that OPM rescinded its final decision and Ogburn failed to allege any facts suggesting that OPM does not intend to issue a new decision concerning her retirement benefits. Accordingly, the government argues that the Board correctly concluded that it lacked jurisdiction over Ogburn's retirement benefits claims because OPM's rescission divested the Board of jurisdiction. The government also contends that a narrow exception to this rule, such as a showing that OPM does not intend to issue a new decision, does not exist, and thus the AJ properly dismissed the appeal. The government further argues that the Board correctly determined that it lacked jurisdiction over Ogburn's other claims because ODNI employees are excluded from appeals to the Board, similar to CIA employees who are so excluded under 5 U.S.C. § 7511(b)(7). Resp't's Br. 8 (citing 5 U.S.C. §§ 2302(a)(2)(C)(ii), 2306; 50 U.S.C. §§ 3024(m)(1), (2), 3023 *et seq.*).

In reply, Ogburn raises various claims and arguments not previously raised in her opening informal brief, including claims challenging an involuntary retirement action and negative suitability determination.

We agree with the government that the Board correctly dismissed the appeal for lack of jurisdiction. As an initial matter, Ogburn's reference to 5 U.S.C. § 7701(b)(2), which governs appellate procedures at the Board, is misplaced, as it is Ogburn's burden to first establish the Board's jurisdiction. Moreover, it is undisputed that after Ogburn appealed OPM's final decision to the Board, OPM rescinded its final decision. Contrary to Ogburn's contention, the Board considered OPM's rescission and correctly concluded that rescission deprived the Board of jurisdiction. As noted by the Board and the government, with respect to Ogburn's claim concerning computation of her

disability retirement annuity benefits, the Board only has jurisdiction over OPM's decisions that are final. 5 U.S.C. §§ 8347(d), 8461(e); 5 C.F.R. §§ 831.110, 841.308. After OPM rescinded its October 31, 2017 final decision, there was no final OPM decision that would confer jurisdiction on the Board. *See Snyder v. Office of Pers. Mgmt.*, 136 F.3d 1474, 1476 (Fed. Cir. 1998).

Furthermore, as the Board noted, nothing in the record suggests that OPM does not intend to issue a new reconsideration decision after its rescission, which may allow the Board to retain jurisdiction according to its precedent. R.A. 2 n.1; *cf. Nebblett v. Office of Pers. Mgmt.*, 152 F.3d 948 (Fed. Cir. 1998) (table) (requiring OPM to issue a final reconsideration decision within thirty days as it had promised to the appellant and acknowledging that the appellant and OPM were involved in a "prolonged dialogue" and that there was an "extended delay" of five years although "the record does not indicate that OPM inexplicably and repeatedly refused to issue a reconsideration decision"). Finally, we agree with the government that Ogburn, as an ODNI employee, is excluded from the reach of 5 U.S.C. § 7511, and the Board therefore lacked jurisdiction over Ogburn's claims of involuntary retirement action and negative suitability determination. *See Lal v. Merit Sys. Prot. Bd.*, 821 F.3d 1376, 1380 (Fed. Cir. 2016); *see also* 5 U.S.C. §§ 2302(a)(2)(C)(ii)(I), 2306; 50 U.S.C. §§ 3024(m)(1), (2).

We accordingly conclude that the Board lacked jurisdiction and properly dismissed Ogburn's appeal. We have considered Ogburn's remaining arguments but find them unpersuasive.

CONCLUSION

For the foregoing reasons, we affirm the Board's dismissal of this case.

**AFFIRMED**

COSTS

No costs.