## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JACOB HERRICK MCCAULEY, <br> Appellant, | DOCKET NUMBER <br> DC-3443-19-0478-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR, <br> Agency. | DATE: March 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jacob Herrick McCauley</u>, Mechanicsville, Virginia, pro se.

<u>Jessica L. Kersey</u>, Esquire, Knoxville, Tennessee, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the petition for review and REVERSE the initial decision. The appellant's removal is NOT SUSTAINED.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The material facts of this appeal are undisputed. On January 8, 2017, the agency appointed the appellant, a non-preference eligible, to an excepted service GS-05 Student Trainee (Maintenance Worker) position under the Pathways Student Internship Program, pursuant to 5 C.F.R. § 213.3402(a).[2] Initial Appeal File (IAF), Tab 5 at 11-12. This was an indefinite appointment, intended to continue through the completion of the appellant's education and work requirements, and the agency had the option to noncompetitively convert the appellant to a term or permanent competitive service position within 120 days after he successfully completed all program requirements. *Id.* at 12; *see* 5 C.F.R. § 362.204(b) (setting forth the circumstances under which an agency may noncompetitively convert an Intern to a term or permanent appointment in the competitive service).

Effective April 5, 2019, the agency summarily separated the appellant from service. IAF, Tab 1 at 7-8. The agency informed the appellant that it was terminating his appointment due to a shift in programmatic priorities and because he had not met the standards set forth in the Pathways agreement in the performance of his work. *Id.* On April 30, 2019, the appellant filed a Board appeal and requested a hearing. *Id.* at 1-3. He argued that the agency did not allow him to respond to the reasons for his termination and that those reasons for termination could not be substantiated. *Id.* at 5.

The administrative judge issued an order to show cause, informing the appellant that the Board may not have jurisdiction over his appeal because he did not appear to be an "employee" with Board appeal rights under 5 U.S.C.

---

[2] The Pathways Program was established in 2010 by Executive Order 13562 to promote employment opportunities for students and recent graduates in the Federal workplace (Exec. Order No. 13,562, 75 Fed. Reg. 82,585 (Dec. 27, 2010)). The Pathways Program is the successor to the Federal Career Intern Program (FCIP) and was designed to address the problems with the FCIP. *See* Exec. Order No. 13,562, 75 Fed. Reg. 82,585; *Dean v. Department of Labor*, 122 M.S.P.R. 276, ¶ 10, *aff'd in part, rev'd in part*, 808 F.3d 497 (Fed. Cir. 2015).

chapter 75.  IAF, Tab 4.  The appellant did not file a response to the order.  The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant did not satisfy the definition of "employee" under 5 U.S.C. § 7511(a)(1).  IAF, Tab 5.

After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 6, Initial Decision (ID) at 4.  The administrative judge found that, because the appellant's appointment under the Pathways program was a temporary appointment, he was not an "employee" with Board appeal rights under 5 U.S.C. chapter 75.  ID at 4. Alternatively, the administrative judge found that, even if the appellant were an "employee" for purposes of Board jurisdiction, he had not suffered an appealable adverse action when the agency failed to convert him to a term or permanent competitive service position at the end of his trial period.  ID at 3-4.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

**ANALYSIS**

On review, the appellant argues that he qualifies as an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(C), which defines as an employee an individual in the excepted service, other than a preference eligible, who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.  PFR File, Tab 1 at 4.  He argues that, based on the fact that his appointment length was indefinite, and thus not one "limited to 2 years or less," and the fact that he continuously worked in his position for over 2 years, he qualifies as an employee under this provision.  *Id.*; IAF, Tab 5 at 12.  The appellant further argues that the administrative judge mischaracterized the nature of his appeal, clarifying that he was not challenging the agency's failure to

convert him to a permanent position, but was instead challenging the agency's failure to offer him predecisional due process. PFR File, Tab 1 at 4.

<u>The appellant was an employee with chapter 75 appeal rights at the time of his termination.</u>

An individual who is involuntarily separated for cause is entitled to appeal to the Board under 5 U.S.C. §§ 7512(1) and 7513(d) if he meets the definition of "employee" under 5 U.S.C. § 7511(a)(1). *Yeressian v. Department of the Army*, 112 M.S.P.R. 21, ¶ 8 (2009). As a non-preference eligible in the excepted service, to be entitled to Board appeal rights the appellant had to satisfy the definition of "employee" under 5 U.S.C. § 7511(a)(1)(C), which is defined as an individual:

> (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
>
> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

The appellant need only satisfy the requirements under (C)(i) or (C)(ii) in order to be an employee with adverse action appeal rights. *Van Wersch v. Department of Health and Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999); *Yeressian*, 112 M.S.P.R. 21, ¶ 8.

In *Van Wersch*, the U.S. Court of Appeals for the Federal Circuit held that, although the petitioner was serving a probationary period under a temporary excepted service appointment pending conversion to the competitive service and did not satisfy the requirements under subsection (C)(i), she satisfied the requirements under subsection (C)(ii) because she had completed 2 years and 8 months of current continuous service in the same position in an Executive agency. Therefore, she was an "employee" within the meaning of 5 U.S.C. § 7511(a)1)(C). *Van Wersch*, 197 F.3d at 1146, 1148. Similarly, in *Beck v. General Services Administration*, 86 M.S.P.R. 489, ¶¶ 2, 11 (2000), the Board found that an individual who was appointed to a Student Trainee position

pursuant to 5 C.F.R. § 213.3202, whose appointment was intended to continue through completion of her education and study-related work requirements, and who served more than 2 years of current continuous service in the same position, met the statutory definition of an "employee" under subsection (C)(ii).

In this case, although the appellant was serving in a trial period under an initial appointment pending conversion to the competitive service, he had served more than 2 years in that position at the time of his separation. IAF, Tab 1 at 7, Tab 5 at 11-12; *see* 5 C.F.R. §§ 213.3402(b)(1), 362.204(a). Therefore, although the appellant did not meet the definition of "employee" under 5 U.S.C. § 7511(a) (1)(C)(i), he met the alternative definition of "employee" under 5 U.S.C. § 7511(a)(1)(C)(ii). *See Van Wersch*, 179 F.3d at 1148; *Beck*, 86 M.S.P.R. 489, ¶ 11.

This finding is consistent with the Office of Personnel Management's (OPM) Pathways Programs Handbook, which provides guidance for agencies on how to implement the Pathways Program and sets out specific requirements to which agencies must adhere in administering the program.[3] *See Pathways Programs Handbook*, U.S. Office of Personnel Management (Aug. 2016), available at https://www.pmf.gov/media/5544619/opm-pathways-programs-handbook-08-2016.pdf. In the section of the Handbook addressing terminations, OPM notes that a termination based on the expiration of an internship appointment is not effected under 5 U.S.C. chapter 75, and the Intern does not have Board appeal rights. Pathways Programs Handbook at 25. However, OPM also notes that if an Intern is terminated at any time prior to completion of the designated appointment, "agencies must determine whether the action should be

---

[3] While OPM Guides and Handbooks lack the force of law, the Board has held that they are entitled to deference in proportion to their power to persuade. *See Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 7 n.2 (2011) (addressing an OPM retirement handbook), *aff'd*, 493 F. App'x 105 (Fed. Cir. 2013); *Luten v. Office of Personnel Management*, 110 M.S.P.R. 667, ¶ 9 n.3 (2009) (granting "some deference" to an OPM retirement handbook). Here, we find that OPM's handbook is persuasive for identifying the requirements agencies must meet in implementing the Pathways Program.

processed in accordance with [] 5 U.S.C. [c]hapter 75, and the Intern . . . may be given appeal rights." *Id.* at 26. Continuing, the Handbook states that chapter 75 appeal rights "will be based on whether the Intern [] meets the definition of 'employee' as set forth in [] 5 U.S.C. [§] 7511." The Handbook makes clear that if an Intern meets the definition of "employee" under 5 U.S.C. chapter 75, then he "may have the right to appeal the balance of the remainder of the appointment," and "adverse action procedures outlined in [5 C.F.R. § 752] will apply to the action." *Id.* Absent a specific exclusion of appeal rights or an exemption from section 7511's definition of an "employee," a civil service position is not exempt from the protections found in chapter 75, including the right to appeal an adverse action to the Board. *See Lal v. Merit Systems Protection Board*, 821 F.3d 1376, 1379-80 (2016); *Malloy v. Department of State*, 2022 MSPB 14, ¶¶ 11-12.

The appellant's separation from service constituted a removal within the meaning of 5 U.S.C. § 7512(1).

As noted above, the administrative judge found that, even if the appellant were an employee with chapter 75 appeal rights, his separation from service did not constitute an adverse action because failure to convert an individual at the conclusion of a term appointment does not constitute a removal under 5 U.S.C. § 7512(1). ID at 3-4. It is well established that termination of an appointment on the expiration date specified as a basic condition of employment at the time the appointment was made does not constitute an adverse action appealable under chapter 75. *Berger v. Department of Commerce*, 3 M.S.P.R. 198, 199-200 (1980); 5 C.F.R. § 752.401(b)(11). However, there is no evidence that the appellant in this case was serving in a temporary or term appointment with a defined end date. Instead, he was serving under an indefinite appointment, i.e., a nonpermanent appointment without a definite time limitation. IAF, Tab 1 at 12, 14; *see* 5 C.F.R. § 362.203(d)(3) (providing for two types of Pathways Intern appointments– temporary appointments not to exceed one year, and indefinite appointments that

are "not required to have an end date" ).[4] Because the appellant's appointment did not have an end date specified, we find that his involuntary separation from service did not fall within the exception of 5 C.F.R. § 752.401(b)(11).

Furthermore, the documentation surrounding the agency's action shows unequivocally that the appellant's separation was for cause rather than pursuant to the expiration of his appointment. In its notice of termination, the agency explained to the appellant the reasons for his separation from service as follows: "A change in programmatic priorities has shifted the need for your position. In addition, you have not met the standards set forth in the Pathways agreement in the performance of your work." IAF, Tab 1 at 8. Similarly, the Standard Form 50 (SF-50) documenting the appellant's separation states that the reason for the action was a "change in programmatic priorities." *Id*. at 7. The agency has endorsed this explanation on appeal. IAF, Tab 5 at 5. Nowhere has the agency even suggested that the appellant might have been separated pursuant to the expiration of his appointment.

We further observe that the SF-50 cites 5 C.F.R. § 362.105(h) as the authority for the appellant's termination. IAF, Tab 1 at 7. That paragraph

---

[4] Even if an Intern appointment does not have an end date, OPM's regulations require the employing agency "to specify an end date of the appointment in the Participant Agreement with the Intern." 5 C.F.R. § 362.203(d)(3)(i). Neither party in this case submitted the appellant's Participant Agreement for the record, so we are unable to determine what, if any, end date was specified in that agreement. However, we find that the provisions of any such agreement would be immaterial to the analysis. Nothing in the Participant Agreement could serve to alter the nature of the appellant's appointment or change the fact that the appointment itself had no definite time limitation. "Federal employment is not governed by contract principles. In the federal personnel system, employees are *appointed* to positions, with their terms of employment being specified primarily in position descriptions. Appointment, not contract law, is the central concept." *Bartel v. Federal Aviation Administration*, 14 M.S.P.R. 24, 35-36 (1982), *aff'd as modified*, 30 M.S.P.R. 451 (1986). "Absent specific legislation, Federal employees derive the benefits and emoluments of their positions from appointment rather than from a contractual or quasi-contractual relationship with the government, even where compacts have been made between employees and their agencies." *Walton v. Department of the Navy*, 42 M.S.P.R. 244, 250 n.14 (1989).

provides as follows: "An agency may terminate a Pathways Participant for reasons including misconduct, poor performance, or suitability under the provisions of this chapter." 5 C.F.R. § 362.105(h). Had the appellant been terminated pursuant to the expiration of his appointment, the applicable regulatory authority would have been 5 C.F.R. § 362.205(b).

For these reasons, we find no dispute of material fact about the nature of the appellant's separation. The record shows that, like the appellant in *McCrary v. Department of the Army*, 103 M.S.P.R. 266, ¶¶ 2, 9, 15 (2006), the appellant in this case was separated for cause during his internship, and as an employee within the meaning of 5 U.S.C. § 7511(a)(1)(C)(ii), was subjected to an appealable adverse action, i.e., a removal under 5 U.S.C. § 7512(1). This appeal is unlike *Scull v. Department of Homeland Security*, 113 M.S.P.R. 287, ¶¶ 3, 10 (2010) in which the appellant, although an employee with adverse action appeal rights, was separated pursuant to the expiration of his appointment and therefore not subjected to an adverse action appealable under chapter 75.

The agency removed the appellant without due process.

The essential requirements of procedural due process are prior notice of the reasons for the adverse action and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). In this case, the record shows that the appellant did not receive any prior notice whatsoever of the reasons for his separation, and consequently had no opportunity to respond. IAF, Tab 1 at 5, 7-8, Tab 5 at 5. Because the agency's procedures for effecting the appellant's removal did not comport with his constitutional right to minimum due process, the agency's action is not sustained. *See Sandoval v. Department of Agriculture*, 115 M.S.P.R. 71, ¶ 15 (2010).

## ORDER

We ORDER the agency to CANCEL the appellant's removal and RESTORE him to his position effective April 5, 2019. *See Kerr v. National*

*Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the

Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.



| | |
|---|---|
| | **DEFENSE FINANCE AND ACCOUNTING SERVICE**<br>**Civilian Pay Operations** |

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

<u>Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:</u>

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.